UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO R. JIMENEZ,<br>Plaintiff,<br>v.<br>PLACER COUNTY SHERIFF'S OFFICE, et al.,<br>Defendants. | No. 2:25-cv-3646 TLN CSK P<br><u>ORDER</u> |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to proceed with the Fourth Amendment excessive force claims against defendants Slater, DeSilva, Buyers, Dad, Milam, Smith, Ivanov, Farren, Oliver, Steen, Menard, Walter and Sexton, raised in claims three and five, and the Fourth Amendment unreasonable search and seizure claim against defendants Machado, Meier and Tredennick, raised in claim nine.

**I. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. PLAINTIFF'S COMPLAINT

Plaintiff's complaint contains fourteen claims for relief. Named as defendants are the Placer County Sheriff's Office ("PCSO"), Placer County Deputy District Attorney O'Hair, PCSO Detective Slater, PCSO Detective DeSilva, PCSO Detective Cuevas, PCSO Deputy Buyers, PCSO Deputy Tredennick, PCSO Detective Machado, PCSO Detective Meier, Sacramento County Sheriff's Office ("SCSO"), SCSO Deputy Dad, SCSO Deputy Milam, SCSO Deputy Smith, SCSO Deputy Menard, SCSO Deputy Walton, SCSO Deputy Sexton, SCSO Deputy Ivanov, SCSO Deputy Farren, SCSO Deputy Oliver, SCSO Deputy Steen, SCSO Deputy Card, Placer County District Attorney Investigator Swisher and Placer County District Attorney Investigator Bryan. (ECF No. 1 at 2.) In the discussion of claim two, plaintiff also names SCSO Deputy Milton as a defendant. (Id. at 7.) As relief, plaintiff seeks money damages. (Id. at 27.)

### A. Claim One

Claim one raises a claim for unlawful detention in violation of the Fourth and Fourteenth Amendments. (Id. at 4.) Plaintiff claims that on December 21, 2023, defendants Slater and DeSilva requested that defendant SCSO and its employees pulled plaintiff over. (Id.) Plaintiff was pulled over while driving his 2021 Chevy Tahoe on Highway 50 near the Jefferson Boulevard off ramp. (Id.) Plaintiff claims that defendants Slater, DeSilva and each of the SCSO employees involved had their firearms pointed at plaintiff and handcuffed plaintiff. (Id. at 5.)

Plaintiff claims that he was unlawfully detained in the back of a SCSO vehicle for sixty minutes without probable cause. (Id.) Plaintiff was taken to the Placer County Jail where he was detained for eight hours without probable cause. (Id.) Plaintiff claims that none of the defendants involved in his detention had knowledge, reasonable suspicion or probable cause to believe that plaintiff committed a criminal offense or was about to commit a criminal offense. (Id.) Plaintiff claims that defendants Slater and DeSilva went off their hunch, as testified. (Id.) Plaintiff claims that at the preliminary hearing conducted on February 13, 2024, defendant Slater testified that on December 21, 2023 at 5:24 a.m. she detained plaintiff in the back of a patrol car although she did not know plaintiff was involved in criminal activity. (Id. at 6.)

A plaintiff cannot bring a § 1983 claim for damages arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is first reversed, expunged, set aside or otherwise called into question. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Specifically, the Supreme Court has held that where a plaintiff, convicted of a crime under state law, seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." Heck, 512 U.S. at 487.

At the same time, a plaintiff may still bring § 1983 for claims challenging unconstitutional activities leading up to an arrest if plaintiff's success on these claims would not necessarily invalidate a conviction or sentence. See Heck, 512 U.S. at 487 n.7 (explaining that, "[b]ecause of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful") (emphasis in original) (citations omitted); Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) ("[T]he relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence.").

The Ninth Circuit has found that Heck bars § 1983 claims premised on arrest and detention without probable cause where that arrest and detention resulted in the plaintiff's conviction. See Smithart v. Towrery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that

Heck bars [plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him"); see also Espinoza v. California Highway Patrol, 2016 WL 4943960, at *6 (E.D. Cal. Sept. 16, 2016) (finding that Heck barred plaintiff's claims based on allegations of unlawful arrest and detention); Garrett v. Ruiz, 2013 WL 1342850, at *7 (S.D. Cal. Apr. 3, 2013) ("[I]f plaintiff *were* claiming that [the relevant police officers] lacked probable cause to arrest him," then Heck "would clearly apply to bar his suit") (emphasis in original).

Plaintiff's claim that he was unlawfully detained on December 21, 2023 appears likely barred by Heck. While plaintiff was housed at the Placer County Jail when he filed this action, court records reflect that plaintiff is now housed at Kern Valley State Prison ("KVSP"). Plaintiff's transfer to KVSP suggests that plaintiff was convicted of criminal charges stemming from his December 21, 2023 arrest and detention. Plaintiff's claim that defendant Slater testified at plaintiff's preliminary hearing regarding the circumstances of plaintiff's apparent arrest and detention suggests that a finding in plaintiff's favor as to his unlawful detention claim would invalidate his conviction. For these reasons, plaintiff's unlawful detention claim raised in claim one is dismissed. If plaintiff files an amended complaint raising this claim, plaintiff shall address why this claim is not barred by Heck.

In claim one, plaintiff also appears to raise a claim pursuant to Monell v. Dep't of Social Sers., 436 U.S. 658 (1978) against defendant PCSO and the individually named defendants in their official capacities. (See ECF No. 1 at 4.) "There is no longer a need to bring official capacity-actions against local government officials, for under Monell…local government units can be sued directly for damages and injunctive or declaratory relief." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985). Accordingly, this Court treats the official capacity claims against the individual defendants as a claim against defendant PCSO.

"[A] local government [or its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, ... inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to

practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). To properly plead a claim under Monell, it is insufficient for a plaintiff to simply allege that a policy, custom, or practice exists. See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636–37 (9th Cir. 2012). Plausible facts supporting such a policy or custom must be pled. See id. at 637. A Monell claim may not be premised on an isolated or sporadic incident. See Gant v. County of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014).

Plaintiff claims that defendant PCSO has "a policy, practice, custom, and/or regulation" that when implemented violates plaintiff's constitutional rights. (ECF No. 1 at 4.) These allegations are not sufficient to state a Monell claim. Plaintiff fails to identify the challenged policy, practice, custom or regulation. Accordingly, this claim is dismissed. If plaintiff raises a Monell claim in an amended complaint, plaintiff must specifically identify the policy, practice, custom or regulation that led to the deprivation of his constitutional rights.

**B. Claim Two**

In claim two, plaintiff raises a claim for unlawful imprisonment in violation of the Fourth and Fourteenth Amendments. (ECF No. 1 at 7.) Plaintiff claims that on December 21, 2023 to the present, defendants PCSO, Slater, DeSilva, Buyers, O'Hair, SCSO, Dad, Milton, Smith, Menard, Farren, Oliver, Steen and Card arrested and detained plaintiff without probable cause. (Id.) Plaintiff claims that he has been deprived of his liberty since December 21, 2023. (Id.)

It appears that claim two is barred by Heck because a finding that defendants arrested and detained plaintiff without probable cause would invalidate plaintiff's conviction. For this reason, plaintiff's claim for unlawful imprisonment raised in claim two is dismissed. If plaintiff files an amended complaint raising this claim, plaintiff shall address why this claim is not barred by Heck.

In claim two, plaintiff raises a Monell claim against defendant PCSO and the individually named defendants in their official capacities. (ECF No. 1 at 7.) This Court treats the official capacity claims against the individual defendants as a claim against defendant PCSO. See Kentucky, 473 U.S. at 167 n.4. Plaintiff claims that defendant PCSO has "a policy, practice, custom, and/or regulation" that when implemented violates plaintiff's constitutional rights. (ECF

No. 1 at 7.) As discussed above, these allegations are insufficient to state a Monell claim. See County of Tulare, 666 F.3d at 636–37. Accordingly, this claim is dismissed. If plaintiff raises a Monell claim in an amended complaint, plaintiff must specifically identify the policy, practice, custom or regulation that led to the deprivation of his constitutional rights.

**C. Claims Three and Five**

In claims three and five, plaintiff raises claims for excessive force in violation of the Fourth and Fourteenth Amendments based on defendants pointing their weapons at him during his arrest. (ECF No. 1 at 8, 11.) In claim three, plaintiff also raises an excessive force claim based on defendants applying handcuffs too tightly. (ECF No. 1 at 8.) Claims of excessive force that "arise[ ] in the context of an arrest ... [are] most properly characterized as ... invoking the protections of the Fourth Amendment" against unreasonable seizures. See Graham v. Connor, 490 U.S. 386, 394 (1989). The Fourth Amendment's reasonableness inquiry "in an excessive force case is an objective one." Id. at 397. The question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id.

In claim three, plaintiff claims that defendants Slater, DeSilva, Buyers, Dad, Milam, Smith, Ivanov, Farren, Oliver, Steen and Card all pointed their firearms at plaintiff during his arrest. (ECF No. 8.) In claim five, plaintiff names three additional defendants who allegedly pointed their firearms at plaintiff, i.e., defendants Menard, Walter and Sexton. (Id. at 11.) In claim five, plaintiff claims that all defendants kept their firearms pointed at him even after he was handcuffed and not resisting. (Id.) In claim five, plaintiff claims that all defendants threatened to shoot him and plaintiff believed that all defendants were going to carry out their threat to shoot him. (Id. at 12.) In support of claim one, plaintiff claims that defendants pointed their guns at his head and body. (Id. at 6.) Plaintiff claims that he did not attempt to flee, did not resist and complied with all requests. (Id.) Plaintiff claims he was unarmed. (Id.) Plaintiff claims that defendants stated that the scene was "code 4," meaning safe. (Id.) This Court finds that claims three and five state potentially colorable Fourth Amendment excessive force claims based on defendants' allegedly pointing their guns at plaintiff under these circumstances. See Foster v.

City of Indio, 908 F.3d 1204, 1218 (9th Cir. 2018) (quoting Espinosa v. City and County of San Francisco, 598 F.3d 528, 537 (9th Cir. 2010) ("We have held only that '*pointing* a loaded gun at a suspect, employing the threat to use deadly force' may constitute excessive force.") (emphasis in original).

In claim three, plaintiff also claims that defendants handcuffed plaintiff in extremely tight handcuffs, causing pain, numbness to plaintiff's hands, severe lacerations, and stinging. (ECF No. 1 at 8.) Plaintiff claims that he immediately told all defendants that the handcuffs were hurting his hands and causing injuries and pain. (Id. at 9.) Plaintiff also claims that defendants aggressively yanked plaintiff by the metal handcuffs, causing cuts to his wrists. (Id.) This Court finds that plaintiff states a potentially colorable Fourth Amendment excessive force against the defendants named in claim three regarding the application of tight handcuffs and their alleged failure to loosen them. See Gonzalez v. City of Phoenix, 163 F.4th 1289, 1303 (9th Cir. 2026) ("We have repeatedly held that force can be unreasonable when undue pressure caused by physical restraints is not alleviated.") (citing Wall v. County of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004) (officers used excessive force "in making the arrest and continuing the restraint by handcuffs that hurt and damaged [arrestee's] wrist."); LaLonde v. County of Riverside, 204 F.3d 947, 960 (9th Cir. 2000) (allegations that officers "tightly handcuffed [arrestee] and refused to loosen the cuffs when he complained" raised a factual dispute on plaintiff's excessive force claim)); Meredith v. Erath, 342 F.3d 1057, 1063 (9th Cir. 2003) ("[T]o place and keep [arrestee] in handcuffs that were so tight that they caused her unnecessary pain violated her Fourth Amendment right to be free from an unreasonable seizure."); Palmer v. Sanderson, 9 F.3d 1433, 1436 (9th Cir. 1993) (officers used excessive force because defendant "has presented no evidence that would justify handcuffing [arrestee] so tightly that he suffered pain and bruises, or to justify his refusal to loosen the handcuffs after [arrestee] complained")).

In claims three and five, plaintiff raises Monell claims against defendant PCSO and the individually named defendants in their official capacities. (ECF No. 1 at 8, 10.) This Court treats the official capacity claims against the individual defendants as a claim against defendant PCSO. See Kentucky, 473 U.S. at 167 n.4. Plaintiff claims that defendant PCSO has "a policy, practice,

custom, and/or regulation" that when implemented violates plaintiff's constitutional rights. (ECF No. 1 at 8, 10.) As discussed above, these allegations are insufficient to state a Monell claim. See County of Tulare, 666 F.3d at 636–37. Accordingly, these Monell claims are dismissed. If plaintiff raises these Monell claims in an amended complaint, plaintiff must specifically identify the policy, practice, custom or regulation that led to the deprivation of his constitutional rights.

**D. Claim Four**

In claim four, plaintiff raises a claim of false arrest in violation of the Fourth, Fifth and Fourteenth Amendments. (ECF No. 1 at 10.) Plaintiff claims that on December 21, 2023, defendants Slater and DeSilva unlawfully "implemented a deliberate question-first tactic, two-part interrogation technique designed to circumvent plaintiff's Miranda right and led Slater and DeSilva to have false probable cause…for a misdemeanor violation of Cal. Health & Safety Code sec. 7054." (Id.) Plaintiff argues that defendants Slater and DeSilva knew that they had no probable cause to arrest plaintiff for violating California Health and Safety Code § 7054. (Id.)

It appears that claim four is barred by Heck because a finding in plaintiff's favor as to claim four would invalidate plaintiff's conviction. For this reason, plaintiff's claim for false arrest raised in claim four is dismissed. If plaintiff files an amended complaint raising this claim, plaintiff shall address why this claim is not barred by Heck.

In claim four, plaintiff raises a Monell claim against defendant PCSO and the individually named defendants in their official capacities. (ECF No. 1 at 10.) This Court treats the official capacity claims against the individual defendants as a claim against defendant PCSO. See Kentucky, 473 U.S. at 167 n.4. Plaintiff claims that defendant PCSO has "a policy, practice, custom, and/or regulation" that when implemented violates plaintiff's constitutional rights. (ECF No. 1 at 10.) As discussed above, these allegations are insufficient to state a Monell claim. See County of Tulare, 666 F.3d at 636–37. Accordingly, this claim is dismissed. If plaintiff raises a Monell claim in an amended complaint, plaintiff must specifically identify the policy, practice, custom or regulation that led to the deprivation of his constitutional rights.

**E. Claim Six**

In claim six, plaintiff claims that he was prosecuted based on false reports in violation of

the Fifth, Sixth and Fourteenth Amendments. (ECF No. 1 at 13.) Plaintiff appears to claim that from December 21, 2023 to the date of the filing of his complaint, defendants DeSilva, Swisher and Bryan made reports that were used by defendant O'Hair in his prosecution of plaintiff. (Id.) Plaintiff claims that these reports contained false and fabricated information. (Id. at 13-15.) Plaintiff claims that the defendants named in claim six conspired to violate his constitutional rights. (Id. at 13.)

It appears that claim six is barred by Heck because a finding in plaintiff's favor as to this claim would invalidate plaintiff's conviction. For this reason, claim six is dismissed. If plaintiff files an amended complaint raising this claim, plaintiff shall address why this claim is not barred by Heck.

In claim six, plaintiff raises a Monell claim against defendant PCSO and the individually named defendants in their official capacities. (ECF No. 1 at 13.) This Court treats the official capacity claims against the individual defendants as a claim against defendant PCSO. See Kentucky, 473 U.S. at 167 n.4. Plaintiff claims that defendant PCSO has "a policy, practice, custom, and/or regulation" that when implemented violates plaintiff's constitutional rights. (ECF No. 1 at 13.) As discussed above, these allegations are insufficient to state a Monell claim. See County of Tulare, 666 F.3d at 636–37. Accordingly, this claim is dismissed. If plaintiff raises a Monell claim in an amended complaint, plaintiff must specifically identify the policy, practice, custom or regulation that led to the deprivation of his constitutional rights.

**F. Claim Seven**

In claim seven, plaintiff raises a claim for prosecutorial misconduct in violation of the Fifth, Sixth and Fourteenth Amendments. (ECF No. 1 at 16.) Plaintiff claims that defendant O'Hair engaged in prosecutorial misconduct during plaintiff's prosecution by coercing and tricking witnesses, withholding evidence, falsifying evidence and recording and listening to phone calls between plaintiff and his lawyer. (Id. at 16-18.)

It appears that claim seven is barred by Heck because a finding that in plaintiff's favor as to this claim would invalidate plaintiff's conviction. For this reason, claim seven is dismissed. If plaintiff files an amended complaint raising this claim, plaintiff shall address why this claim is

not barred by Heck.

**G. Claim Eight**

In claim eight, plaintiff alleges violation of his constitutional right to adequate medical care in violation of the Eighth and Fourteenth Amendments. (ECF No. 1 at 19.) Plaintiff claims that on December 21, 2023, defendants Slater and DeSilva knew that plaintiff had cancer, diabetes and high blood pressure. (ECF No. 1 at 19.) Plaintiff claims that while defendants had plaintiff in their custody for eight hours, they refused to check plaintiff's diabetes and refused to provide plaintiff with several medications, which defendants had in their possession. (Id.) Plaintiff claims that defendants' actions exacerbated his medical conditions and caused plaintiff's cancer to spread. (Id.)

Claim eight appears to be based on post-arrest medical care plaintiff allegedly failed to receive as well as medical care plaintiff allegedly failed to receive following his transport to the Placer County Jail where he was detained for eight hours. Post-arrest claims for denial of medical care during and immediately following arrest are analyzed under the Fourth Amendment's objective reasonableness standard. See Tatum v. City & County of San Francisco, 441 F.3d 1090, 1098–99 (9th Cir. 2006) (analyzing post-arrest medical care under objective reasonableness standard). When an arrestee is injured or suffers a medical crisis during or immediately after an arrest, a police officer satisfies his or her constitutional obligations "by either promptly summoning the necessary medical help or taking the injured detainee to the hospital." Id. at 1099.

Under the Fourteenth Amendment, pretrial jail detainees have the right to receive adequate medical care during their detention. See Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018). To establish a deliberate indifference to medical needs claim against an individual defendant under the due process clause of the Fourteenth Amendment, a pretrial detainee must show that:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the

> circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125.

Regarding plaintiff's claim that defendants failed to provide plaintiff with post-arrest medical care, this Court find that plaintiff fails to plead sufficient facts demonstrating that he experienced a medical crisis requiring immediate medical attention. Accordingly, this claim is dismissed.

Regarding plaintiff's claim that defendants failed to provide plaintiff with medical care while he was detained at the Placer County Jail for eight hours, this Court finds that plaintiff fails to plead sufficient facts demonstrating that defendants' failure to check plaintiff's diabetes and give plaintiff his medications put plaintiff at substantial risk of serious harm. Plaintiff fails to allege that he suffered any injury as a result of not having his blood pressure taken or receiving his medication. Plaintiff's claim that defendants caused plaintiff's cancer to spread is unsupported. Plaintiff also fails to plead sufficient facts demonstrating defendants' involvement in his failure to receive adequate medical care at the Placer County Jail. Plaintiff claims that defendants Slater and DeSilva are detectives with the PCSO as opposed to medical staff at the Placer County Jail. In order to proceed with his Fourteenth Amendment claim against defendant Silva and DeSilva based on his failure to receive adequate medical care while detained at the Placer County Jail, plaintiff must plead specific facts demonstrating the involvement of defendants Slater and DeSilva in the alleged deprivation. For these reasons, plaintiff's Fourteenth Amendment inadequate medical care claim is dismissed.

In claim eight, plaintiff raises a Monell claim against defendant PCSO and the individually named defendants in their official capacities. (ECF No. 1 at 19.) This Court treats the official capacity claims against the individual defendants as a claim against defendant PCSO. See Kentucky, 473 U.S. at 167 n.4. Plaintiff claims that defendant PCSO has "a policy, practice, custom, and/or regulation" that when implemented violates plaintiff's constitutional rights. (ECF No. 1 at 19.) As discussed above, these allegations are insufficient to state a Monell claim. See

County of Tulare, 666 F.3d at 636–37. Accordingly, this claim is dismissed. If plaintiff raises a Monell claim in an amended complaint, plaintiff must specifically identify the policy, practice, custom or regulation that led to the deprivation of his constitutional rights.

**H. Claim Nine**

In claim nine, plaintiff raises a claim for deprivation of property in violation of the Fourth and Fourteenth Amendments. (ECF No. 1 at 20.) Plaintiff also appears to raise state law claims for replevin and conversion. (Id.) Plaintiff claims that on December 21, 2023, defendants Machado, Meier and Tredennick entered plaintiff's residence and took plaintiff's eight dogs, which were not included in a search warrant. (Id.) Plaintiff claims that defendants did not provide plaintiff with notice that they took his dogs. (Id.) Plaintiff claims that three of his dogs were emotional support dogs. (Id.)

1. Due Process Claim

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Rogers v. Reichard, 2024 WL 51315, at *6 (W.D. Wash. Jan. 4, 2024) (applying Hudson to county employees); Huemer v. Santa Cruz County Animal Shelter Foundation, 2022 WL 2276891, at *4 (N.D. Cal. June 23, 2022) (applying Hudson to county employees). Because plaintiff claims that his dogs were not included in the search warrant, this Court finds that plaintiff claims that the deprivation was unauthorized.

California has established a process, see Cal. Penal Code §§ 1536-1540, by which individuals may seek to obtain the return of their property taken during a search. California Penal Code § 1540 addresses property seized that was not described in a warrant:

> If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate must cause it to be restored to the person from whom it was taken.

The procedures in §§ 1536-1540 provide an adequate post-deprivation process. See Perkins v. City of West Covina, 113 F.3d 1004, 1010–11 (9th Cir. 1997), reversed on other

grounds, 525 U.S. 234 (1999), opinion reinstated in relevant part, 167 F.3d 1286 (9th Cir. 1999). Because California provides a meaningful post-deprivation remedy for the alleged unauthorized deprivation, plaintiff has not stated a potentially colorable due process claim. Accordingly, this claim is dismissed.

2. Fourth Amendment Claim

The Fourth Amendment guarantees citizens the right "to be secure in their ... effects[ ] against unreasonable searches and seizures ...." U.S. Const. amend. IV. "[A] search or seizure pursuant to an otherwise valid warrant is unreasonable under the Fourth Amendment to the extent it exceeds the scope of the warrant." United States v. Ramirez, 976 F.3d 946, 952 (9th Cir. 2020).

Plaintiff's claim that defendants Machado, Meier and Tredennick seized plaintiff's eight dogs, which were not included in the search warrant, states a potentially colorable Fourth Amendment claim.

3. Monell Claim

In claim nine, plaintiff raises a Monell claim against defendant PCSO and the individually named defendants in their official capacities. (ECF No. 1 at 20.) This Court treats the official capacity claims against the individual defendants as a claim against defendant PCSO. See Kentucky, 473 U.S. at 167 n.4. Plaintiff claims that defendant PCSO has "a policy, practice, custom, and/or regulation" that when implemented violates plaintiff's constitutional rights. (ECF No. 1 at 20.) As discussed above, these allegations are insufficient to state a Monell claim. See County of Tulare, 666 F.3d at 636–37. Accordingly, this claim is dismissed. If plaintiff raises a Monell claim in an amended complaint, plaintiff must specifically identify the policy, practice, custom or regulation that led to the deprivation of his constitutional rights.

4. State Law Claims

Plaintiff raises state law claims for conversion and replevin. To bring a claim against a current or former California state or local public employee to recover money damages for an injury resulting from an act or omission within the scope of the employee's public employment, a claimant must present the claim within six months after the accrual of the cause of action to the employing public entity before bringing the action. Cal. Gov't Code §§ 911.2(a), 945.4, 950,

950.2, 950.6; see also Robinson v. Alameda Cty., 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) (outlining the statutory scheme). The claimant must present to the employing entity the circumstances giving rise to the claimed damages and identify the public employee who caused the damages (see Cal. Gov't Code § 910(c)-(e)), and the employing public entity must reject the claim before the claimant can proceed to court (see id. § 950.6).

No court suit for damages may be maintained until a written claim has been presented to and rejected by the public entity. Id. §§ 945.4, 950.6; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1243-45 (2004). A tort claim against a public employee is subject to dismissal if a plaintiff fails to plead compliance or excuse from compliance with this claim presentation requirement. See Pickering v. Enenmoh, 722 Fed. App'x 695, 696 (9th Cir. 2018) ("Claim presentation requirements under the California Government Claims Act... are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action." (citation and quotation marks omitted)); Bodde, 32 Cal. 4th at 1243 (quoting Burgdorf v. Funder, 246 Cal. App. 2d 443 (Cal. App. 1966) ("[A] plaintiff must... allege in his complaint that he has complied with the claim [presentation] statute in order to state a cause of action against a public employee.")).

Plaintiff fails to plead compliance with the Government Claims Act as to his state law claims for conversion and replevin. Accordingly, these claims are dismissed. If plaintiff files an amended complaint raising these claims, plaintiff must present facts demonstrating compliance with the Government Claims Act.

**I. Claims Ten and Fourteen**

In claims ten and fourteen, plaintiff raises Monell claims against all defendants, including defendants PCSO and SCSO. (ECF No. 1 at 21, 25.) This Court treats the Monell claims as raised against defendants PCSO and SCSO. See Kentucky, 473 U.S. at 167 n.4. In claim ten, plaintiff claims that defendants PCSO and SCSO have a policy, practice, custom and/or regulation that caused plaintiff's injuries and caused plaintiff to be unlawfully detained, arrested without probable cause, subjected to the excessive use of force, assault and battery, medical neglect and deprived of his property. (ECF No. 1 at 21.) Plaintiff claims that on December 1,

2025, defendant O'Hair advised the court that the policies in effect at the time of plaintiff's arrest were constitutionally inadequate, deficient and insufficient. (Id.) In claim fourteen, plaintiff claims that defendants have a policy, practice, custom and/or regulation that when implemented violates plaintiff's constitutional rights. (Id. at 25.)

The Monell claims raised in claims ten and fourteen mirror the Monell claims raised in the claims discussed above and are deficient for the same reasons. Plaintiff fails to plead plausible facts describing the specific policies, practices, customs or regulations that led to the alleged violations of his constitutional rights. See County of Tulare, 666 F.3d at 639. It also appears that plaintiff's Monell claims are based on single incidents, which are insufficient to state a Monell claim. See Gant, 772 F.3d at 618. This Court also observes that some of plaintiff's Monell claims may be Heck barred. For example, were the Court to find that defendant PCSO or defendant SCSO had a policy to arrest individuals without probable cause, a finding in plaintiff's favor as to this claim may imply the invalidity of plaintiff's conviction. If plaintiff files an amended complaint raising Monell claims based on policies related to his arrest and conviction, plaintiff shall address the applicability of Heck to these claims. For the reasons discussed above, claims ten and fourteen are dismissed.

**J. Claim Eleven**

In claim eleven, plaintiff alleges violation of the Bane Act. (ECF No. 1 at 22.) California Civil Code section 52.1, known as the Bane Act, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" Reese v. Cty. of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018) (internal citations omitted). Plaintiff fails to plead compliance with the Government Claims Act as to his Bane Act claim. See Pickering, 722 Fed. App'x at 696. Accordingly, plaintiff's Bane Act claim is dismissed. If plaintiff files an amended complaint raising a Bane Act claim, plaintiff must present facts demonstrating compliance with the Government Claims Act.

**K. Claim Twelve**

In claim twelve, plaintiff alleges that all defendants owed plaintiff a duty of care "to not

assault and battery, unlawfully detain him, deliberately and negligently fail to provide life threatening medications for his cancer, diabetes and high blood pressure, not to fabricate false reports, not to coerce witnesses, not to deprive plaintiff of his 8 dogs without due process, not to conduct illegal search, not to use excessive force, and not to make an unlawful and false arrest." (ECF No. 1 at 23.) The legal grounds of claim twelve are not clear. By claiming that defendants violated their duty of care to plaintiff, plaintiff may be raising a state law claim for negligence. Plaintiff fails to plead compliance with the Government Claims Act as to his negligence claim, which is required. See Pickering, 722 Fed. App'x at 696. Accordingly, claim twelve is dismissed. If plaintiff raises a negligence claim in amended complaint, plaintiff must present facts demonstrating compliance with the Government Claims Act.

**L. Claim Thirteen**

In claim thirteen, plaintiff appears to raise state law claims for the intentional and negligent infliction of emotional distress. (ECF No. 1 at 24.) Plaintiff fails to plead compliance with the Government Claims Act as to these state law claims, which is required. See Pickering, 722 F. App'x at 696. Accordingly, plaintiff's state law claims for the intentional and negligent infliction of emotional distress are dismissed. If plaintiff files an amended complaint raising these claims, plaintiff must present facts demonstrating compliance with the Government Claims Act.

**M. Defendant Cuevas**

The complaint contains no specific allegations against defendant Cuevas. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell, 436 U.S. 658; Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

All claims against defendant Cuevas are dismissed because the complaint contains no specific allegations linking defendant Cuevas to any claims. If plaintiff files an amended complaint naming defendant Cuevas, plaintiff must include allegations linking defendant Cuevas to the alleged deprivation.

## III. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Slater, DeSilva, Buyers, Dad, Milam, Smith, Ivanov, Farren, Oliver, Steen, Menard, Walter and Sexton with the Fourth Amendment excessive force claims, raised in claims three and five, and defendants Machado, Meier and Tredennick with the Fourth Amendment unreasonable search and seizure claim, raised in claim nine, and pursue his potentially cognizable claims against only those defendants, or he may delay serving any defendant and attempt to cure the pleading defects as to his other claims. If plaintiff elects to proceed forthwith as to his potentially colorable Fourth Amendment claims raised in claims three, five and nine, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the remaining claims without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt to cure the pleading defects as to those claims found not potentially colorable above. If plaintiff elects to file an amended complaint, plaintiff has thirty days to amend. **Plaintiff is not granted leave to add new claims**

**or new defendants. Plaintiff's amended complaint may not exceed twenty (20) pages.**

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The following claims are dismissed with leave to amend: one, two, four, six, seven, eight, the procedural due process, Monell and state law claims raised in claim nine, ten, eleven, twelve, thirteen, fourteen and all claims against defendant Cuevas. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to cure the pleading defects as to these claims. Plaintiff is not obligated to amend his complaint. Plaintiff's amended complaint may not exceed twenty (20) pages.

4. The allegations in the complaint are sufficient to state potentially cognizable Fourth Amendment excessive force claims against defendants Slater, DeSilva, Buyers, Dad, Milam, Smith, Ivanov, Farren, Oliver, Steen, Menard, Walter and Sexton, raised in claims three and five, and Fourth Amendment unreasonable search and seizure claims against defendants Machado, Meier and Tredennick, raised in claim nine. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

///

///

///

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Jime3646.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO R. JIMENEZ,

Plaintiff,

v.

PLACER COUNTY SHERRIF'S OFFICE, et al.,

Defendants.

No. 2:25-cv-3646 TLN CSK P

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

______ Plaintiff opts to proceed with his Fourth Amendment excessive force claims against defendants Slater, DeSilva, Buyers, Dad, Milam, Smith, Ivanov, Farren, Oliver, Steen, Menard, Walter and Sexton, raised in claims three and five, and his Fourth Amendment unreasonable search and seizure claims against defendants Machado, Meier and Tredennick, raised in claim nine. Under this option, plaintiff consents to dismissal of the remaining claims raised in the complaint and defendant Cuevas without prejudice.

**OR**

_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

______________________________
Plaintiff